# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNION DE TRONQUISTAS DE
PUERTO RICO, LOCAL 901,

Petitioner,

v.

CIVIL NO. 16-1795 (GAG)

CADILLAC UNIFORM & LINEN
SUPPLY, INC.,

Respondent.

## OPINION AND ORDER

This suit concerns an arbitration between a union employee and his employer. Union de Tronquistas de Puerto Rico, Local 901 ("the Union") seeks judicial review of an arbitration award entered in favor of Cadillac Uniform & Linen Supply, Inc. ("Cadillac"). The Union asserts two reasons to vacate the award: the arbitrator erred in concluding the Union's complaints were non-arbitrable, and the arbitrator erred by failing to provide a written decision of the judgment, as required by the parties' collective bargaining agreement. These arguments are meritless because neither the factual record nor the applicable law lends support to either claim. After review of the parties' submissions and applicable law, the Court **GRANTS** Cadillac's motion to dismiss for failure to state a claim and **GRANTS** Cadillac's request for attorney's fees and costs at Docket No. 17.

**I.     Factual and Procedural Background**

The Union and Cadillac are parties to a collective bargaining agreement ("the CBA"). (Docket No. 8-1, at 6.) Article X of the CBA provides a procedure for the filing of employee complaints and grievances. Id. at 12-17. Within Article X, Section 11 provides procedures for resolving "Small Claims." Id. at 15-17. Small claims are complaints "not involving the termination

of an employee, the suspension of a union employee implying lost income no greater than $900.00, or an interpretation of the collective bargaining agreement less than $900.00 per complaint[.]" Id. at 16. Section 11 creates a two-step procedure for resolving small claims: first, the employee raises the grievance with the Human Resources department, then, the employee and employer present brief oral arguments to a small claims arbitrator. Id. Then, the arbitrator "shall, as soon as possible, enter a brief, written, judgment for the Company or the Union." Id. "The arbitrator's decision in small claims shall be final and binding for both Parties. It may not be appealed or used as a precedent for future claims, arbitrations or litigations." Id. at 17.

The Union filed three small claims complaints as a representative for employee Manual Rivera Sierra. Id. at 6. The three claims involved Mr. Rivera Sierra's lost income, a two-day suspension, and a vacation scheduling dispute. Id. The parties agree the complaints were arbitrable as small claims. Id. at 6-7. An arbitration was held on February 26, 2016. Id. at 7. Following the hearing, the arbitrator issued three awards in favor of Cadillac, determining the three complaints were "not procedurally arbitrable." Id. at 20-22.

Unsatisfied, the Union filed a petition to vacate the arbitration awards in the San Juan Court of First Instance on March 28, 2016. (Docket No. 8-1.) On April 22, 2016, Cadillac removed the case to federal court pursuant to 28 U.S.C. § 1441(a) and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Cadillac subsequently moved to dismiss for failure to state a claim under Rule 12(b)(6). (Docket No. 17.) The Union responded in opposition, and Cadillac replied. (Docket Nos. 18, 21.)

II.     **Standard of Review**

Rule 12(b)(6) provides that a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion,

a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requires determining whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. The court accepts all well-pleaded facts and draws all reasonable inferences in plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010); see also Soto-Torres v. Fraticelli, 654 F.3d 153, 159 (1st Cir. 2011).

### III. Discussion

The small claims arbitrator determined the Union's three claims were "not procedurally arbitrable." (Docket No. 8-1, at 20-22.) The Union seeks to vacate the award for two reasons: first, because Cadillac waived the "not procedurally arbitrable" defense, and second, because the arbitrator failed to provide the "brief, written judgment" required by the CBA. Cadillac moves to dismiss, arguing that the small claims procedure is not appealable under the CBA, and even if the small claims procedure were appealable, the facts alleged in the petition are insufficient grounds to vacate the award. (Docket No. 17, at 6-9.) Cadillac also seeks to recover attorney's fees and costs.

#### A. Arbitrability

This case arises under section 301 of the LMRA, 29 U.S.C. § 185. In section 301 cases, courts have long embraced the "presumption of arbitrability" applicable to disputes subject to an arbitration clause. AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986);

United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582-82 (1960). Accordingly, district court review of an arbitration award is "one of the narrowest standards of judicial review in all of American jurisprudence." UMass Mem'l Med. Ctr. Inc. v. United Food and Commercial, Workers Union, Local 1445, 527 F.3d 1, 4 (1st Cir. 2008) (citation omitted).

The arbitrator's result is subject to judicial review—not her reasoning. Coastal Oil of New England, Inc. v. Teamsters Local, 134 F.3d 466, 469 (1st Cir.1998) ("[A] court should uphold an award that depends on the arbitrator's interpretation of a collective bargaining agreement if it can find, within the four corners of the agreement, any plausible basis for that interpretation." (quoting El Dorado Tech. Servs., Inc. v. Union Gen. De Trabajadores de P.R., 961 F.2d 317, 319 (1st Cir. 1992)) (internal quotation marks omitted)). Thus, even an arbitrator's erroneous reasoning will not necessarily lead to vacating the award. UMass Mem'l, 527 F.3d at 5.

Although arbitral awards are "nearly impervious to judicial oversight," Teamsters Local Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000), there are a few limited exception where a court will overturn an arbitral award. UMass Mem'l, 527 F.3d at 5. A court may exercise its inherent power to vacate an arbitral award when the arbitrator gets the law wrong, either because (1) the award contravenes the CBA's plain language, or (2) the arbitrator disregards applicable law. Id. at 6 (citing Cytyc Corp. v. DEKA Prods. Ltd. P'ship, 439 F.3d 27, 32 (1st Cir. 2006)).[1] Additionally, a court can overturn an award that is either "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." UMass

---

[1] Section 10(a) of the Federal Arbitration Act ("FAA") also provides grounds for vacating an award—such as arbitrator misconduct or excess of arbitral power—but those exceptions are inapplicable here because the Union does not allege misconduct or excess of power by the arbitrator. See 9 U.S.C. § 10(a).

**Civil No. 16-1795 (GAG)**

Mem'l, 527 F.3d at 4 (quoting Cytyc Corp., 439 F.3d at 34). The Union's arguments do not mention, let alone satisfy, these narrow exceptions.

First, the Union argues that the arbitrator erred by concluding the claims were "not procedurally arbitrable." (Docket No. 18 at 5-8.) The Union claims this was in error because Cadillac waived the defense of procedural arbitrability. Id. Applicable federal law contravenes the Union's argument. "Issues of procedural arbitrability are for the arbitrator, not the court, to decide." UMass Mem'l, 527 F.3d at 5. The CBA does not support for the Union's argument either. Section 11's small claims procedure says nothing about waiver of defenses. (Docket No. 8-1, at 15-17.) Accordingly, this argument fails.

Second, the Union argues the arbitrator failed to provide the brief, written judgment, as required by the CBA. (Docket No. 18 at 9.) The record contradicts this argument. Attached to the Union's petition are three documents—each titled "Settlement of Small Claim"—which explain the basis of the judgment: each claim was "not procedurally arbitrable." (Docket No. 8-1 at 20-22.) Although the Union may desire a more detailed explanation, the CBA does not require detail. The CBA requires only a "brief, written judgment." This argument fails as well.

**B. Attorney's Fees**

Cadillac seeks attorney's fees and costs resulting from this litigation. (Docket No 17 at 9-11.) Under the traditional American rule, litigants bears their own costs. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1974). However, a prevailing party may be awarded attorney's fees when the losing party "acted in bad faith, vexatiously, or for oppressive reasons." Id. at 258-59 (citation omitted). Vexatious litigation is frivolous, unreasonable, or without foundation, even if the litigation is not the product of bad faith. Local 285, Serv. Emps. Intern. Union, AFL-CIO v. Nonotuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (citations omitted).

**Civil No. 16-1795 (GAG)**

As explained above, the Union's claims are entirely meritless. The facts, as alleged in the Union's petition, contradict the arguments against dismissal. For example, the Union attached the written arbitral judgments to its petition, yet somehow argues that the lack of any such written judgment requires vacating the award. (Compare Docket No. 8-1 at 20-22 with Docket No. 18 at 9.) The law does not support the Union's petition either.[2] Though the Union's petition hinges on procedural arbitrability, it ignores the basic proposition that "issues of procedural arbitrability are for the arbitrator to decide." John Wiley & Sons v. Livingston, 376 U.S. 543, 557 (1964); Local 285, 64 F.3d at 739; UMass, 527 F.3d at 5.

Moreover, the Union ignores the text CBA's provision barring small claims appeals: "The arbitrator's decision in small claims shall be final and binding for both Parties. It may not be appealed or used as a precedent for future claims, arbitrations or litigation." (Docket No. 8-1 at 17.) Finally, when confronted with the request for attorney's fees, the Union doubled-down, reiterating its conclusory position that the petition is "not baseless nor frivolous." (Docket No. 18 at 10.)

Altogether, it seems the Union filed this petition either without conducting adequate preliminary legal research, or in an effort to punish Cadillac by imposing additional post-arbitration legal fees. The former is vexatious because the petition lacks foundation; the latter is an oppressive reason for filing suit. See FED. R. CIV. P. 11(b) (by filing a pleading, an attorney certifies its contents are not "presented for an improper purpose," that factual claims have "evidentiary support," and that legal claims are "warranted by existing law or by a nonfrivolous argument" to change the law). Either way, the Court finds—in its discretion—that an award of attorney's fees and costs in favor of Cadillac is appropriate.

---

[2] The petition and the Union's opposition dismissal cite a handful of Puerto Rico Supreme Court cases, but never indicate why Puerto Rico law, rather than federal law, should apply to this labor arbitration dispute.

**Civil No. 16-1795 (GAG)**

## IV. Conclusion

For the reasons set forth above, Respondent's motions to dismiss failure to state a claim at Docket No. 17 is hereby **GRANTED**. Respondent's motion for attorney's fees and costs is **GRANTED**. Respondent shall file proof of attorney's fees costs arising from this litigation for the Court's review on or before **July 26, 2017**.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 5th day of July, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge